**FILED**

**DEC 13 2018**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
  DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| v. § | Case No. SA:13-CR-891 (01) FB |
| § § | |
| JOSE MARTINEZ § | |

## ORDER REVOKING SUPERVISED RELEASE
## AND RESENTENCING THE DEFENDANT

On the 13th day of December, 2018 came on to be considered the United States' Motion to Revoke the Defendant's supervised release *[doc. #49]*. After due hearing, including consideration of all statutorily-required factors and revocation policy statements, the Court finds that the Defendant has violated conditions of his supervised releases as alleged by the United States, and that the ends of justice and the best interests of the public will not be served by continuing the Defendant on supervised release. Accordingly, for reasons pronounced at sentencing and set forth in the motion to revoke,

**IT IS ORDERED** by the Court that the United States' Motion to Revoke the Defendant's supervised release *[doc. #49]* is **GRANTED**. The term of supervised release originally imposed on July 10, 2015 is hereby revoked and set aside pursuant to 18 U.S.C. §§ 3583(e)(3)(g)(1) and (g)(3).

***IT IS NOW THE ORDER AND SENTENCE*** of this Court that the Defendant is remanded to the custody of the Federal Bureau of Prisons to be imprisoned for a term of ***Time Already Served.*** Additionally, it is ordered that the Defendant shall be placed in a residential inpatient treatment facility. The Defendant shall remain in the custody of the United States Marshal Service until bed space is available, at which time the Defendant shall be released to the U.S. Probation Office, who shall arrange for the Defendant's transportation.

**IT IS FURTHER ORDERED** that upon completion from inpatient treatment, the Defendant shall be placed back on re-imposed supervised release for a period of **thirty-two (32) months**. The defendant shall comply with all previously imposed supervised release conditions and the following additional conditions:

1. The defendant shall not communicate, or otherwise interact, with Yvette Hernandez, either directly or through someone else.

2. The defendant shall participate in the cellular telephone monitoring program and shall abide by all rules and requirements of the program.

3. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

4. The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.

5. The defendant shall take all mental health medications that are prescribed by the treating physician.

Any monetary sanctions imposed in this case that remain unpaid are re-imposed, and such sanctions shall be due and payable immediately.

Signed this _13th_ day of December, 2018.

FRED BIERY
UNITED STATES DISTRICT JUDGE